UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS E. MOORE,

        Plaintiff,         Case No. 1:09-cv-1038

v.         Honorable Robert J. Jonker

PATRICIA CARUSO et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.         Factual allegations

Plaintiff Thomas E. Moore presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Earnest C. Brooks Correctional Facility (LRF). He sues MDOC Director Patricia Caruso and the following LRF employees: Warden Mary Berghuis; School Principal Lori Peak; Librarian G. Gregels; and Assistant Librarian G. Harris.

Plaintiff alleges that, on April 21, 2009, he submitted a copy request form to Defendant Harris, requesting copies of his trial transcripts, police reports, lab results, presentence report (PSIR) and the circuit court opinion and order denying his motion for relief from judgment.[1] Plaintiff provided a letter from the Thomas Cooley Law School indicating that the documents were necessary for his appeal. On April 28, 2009, Plaintiff was called out to the library, and he assumed he would pick up his copies. Instead, he was informed that he had insufficient funds in his prison trust account and was not entitled to copies because he had not presented a court order requiring that the copies be made.

Plaintiff filed a grievance naming all Defendants listed in his complaint. He alleged that the prison administration had impeded his right of access to the courts and violated MICH. DEP'T OF CORR., Policy Directive 05.030.115 and MICH. DEP'T OF CORR., Operating Procedure 05.03.115A because he did not receive his copies within three business days. On May 2, 2009, he received a notification that his Step I grievance response would be completed by May 21, 2009. Plaintiff then

---

[1] Plaintiff alleges that his rights were impaired with respect to an appeal filed in the Michigan Court of Appeals from an opinion and order of the circuit court. According to the public record of the Michigan Court of Appeals, the matter in issue was a delayed application for leave to appeal from the April 8, 2009 opinion and order of the Oakland County Circuit Court denying a motion for relief from judgment. *See* Mich. Ct. App. Electronic Docket, Case No. 292271, http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=292271&fparties=&inqtype=public&yr=0.

allegedly filed a motion to show cause in the Michigan Court of Appeals. On May 6, 2009, he submitted another copy request at Defendant Gregels' request, who apparently had lost the original request. Plaintiff received his copies that same date. When he picked up his copies, however, the PSIR was missing, and Defendant Gregels admitted that it had apparently been lost during the transaction.

Plaintiff complains that he was denied his right of access to the courts when he was made to wait a total of sixteen days for the copies. He also suggests that he was denied meaningful access to the assistance of counsel during this period. In addition, he argues that the delay violated MDOC policy. Further, he contends that he was denied due process when the administration failed to properly or timely respond to his grievance.

For relief, Plaintiff seeks declaratory and injunctive relief and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct.

at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Denial of Access to the Courts

Plaintiff first complains that the sixteen-day delay in the copying of his legal documents violated his right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817, 821 (1977), the Supreme Court held that the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.*. In addition to legal resources, states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. However, an indigent prisoner's constitutional right to legal resources and materials is not without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v.*

*Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

In the instant case, Plaintiff makes no allegation that his litigation was in any way prejudiced by the sixteen-day delay in receiving his photocopies. He therefore has failed to demonstrate actual injury.

B.  Denial of Right to Counsel

Plaintiff next argues that his Sixth Amendment right to the effective assistance of counsel was impaired by Defendants' delay in copying his legal documents for mailing to the Thomas Cooley Law School. The Supreme Court has recognized that government interference with the right to counsel may in some circumstances violate a defendant's Sixth Amendment rights. *See, e.g. Weatherford v. Bursey*, 429 U.S. 545 (1977); *Geders v. United States*, 425 U.S. 80 (1976) (addressing the prohibition on defendant consulting with his attorney during an overnight recess between direct and cross examination); *Ferguson v. Georgia*, 365 U.S. 570 (1961) (addressing the

prohibition on direct examination of the defendant by his counsel). However, a defendant has no constitutional right to counsel in a state post-conviction proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *see also People v. Walters*, 624 N.W.2d 922 (Mich. 2001) (no right to counsel to pursue motion for relief from judgment).

In the instant case, Plaintiff complains that the delay interfered with his right to the effective assistance of counsel with respect to his appeal from the opinion and order of the Oakland County Circuit Court denying his motion for relief from judgment. Because Plaintiff has no constitutional right to counsel to appeal the denial of his motion for relief from judgment, any delay in his communication with his attorney or potential attorney did not violate his constitutional rights. *See Wainwright v. Torna*, 455 U.S. 586 (1982) (holding that where there is no constitutional right to counsel there can be no deprivation of effective assistance).

C.  Violation of Prison Policy

Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint raises claims under state law, this Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

### D. Failure to Decide the Prison Grievance

Plaintiff claims that he was deprived of his right to due process by the Defendants failure to timely respond to his prison grievance. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     January 15, 2010               /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE